IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE ORLANDO McKINNON, | * | Civil Action No. CCB-12-179 |
| # 17194-057 | | Related Crim. Action No. CCB-08-49 |
| | * | |
| Petitioner | | |
| | * | |
| v | | |
| | * | |
| UNITED STATES | | |
| | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM**

Pending is self-represented prisoner Willie Orlando McKinnon's "Petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure." ECF No. 54. The court finds the petition is more properly construed under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside or Correct, and will grant McKinnon twenty-eight days to state whether he wants this matter to proceed as a § 2255 motion, withdraw the pleading, or have it ruled on as filed.

**I.     Background**

McKinnon pleaded guilty to interference with commerce by robbery, a violation of 18 U.S.C. § 1951, and was sentenced to twelve years imprisonment on May 8, 2009. On October 28, 2011, McKinnon filed his Rule 60(b) motion. ECF No. 54. In this motion, McKinnon appears to intend to collaterally attack his judgment by raising claims of prosecutorial misconduct and ineffective assistance of counsel.[1]  *See id*.

**II.    Analysis**

A. Rule 60(b)

A party may seek relief from a final judgment or order under Fed.R.Civ. 60 (b) by showing "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional

---

[1]  McKinnon does not state specifically what relief he wants in this "petition" but clearly is challenging his conviction and sentence.

circumstances."[2] In addition, at least one ground for relief listed in Rule 60(b)'s six subsections must be established: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; 4) a void judgment; 5) satisfaction, release, or discharge; or 6) any other reason justifying relief. *Dowell v. State Farm Fire and Casualty Automobile Insurance*, 993 F.2d 45, 48 (4th Cir. 1993). Any Rule 60(b) motion must be made within a "reasonable time," and, for subsections (1) through (3), not more than a year after entry of a judgment or order. *See* Fed.R.Civ.P. 60(c).

Although McKinnon has not specified under which subsection of Rule 60(b) he is proceeding, the court assumes he is relying on Rule 60(b) (6), the only ground available to him in this case.[3] Under Rule 60(b)(6), the "catchall provision, " extraordinary circumstances must be demonstrated to justify relief. *See Aikens v. Ingram*, 652 F.3d 496, 500-501 (4th Cir. 2011). None is shown here. McKinnon shows no need for the extraordinary relief contemplated under Rule 60(b)(6) where other avenues such as direct appeal or collateral review might have or may provide the redress he seeks. The Federal Rules of Civil Procedure do not provide a means for challenging criminal judgments. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedural in the United States district courts in all suits of a civil nature); *United States v. O'Keefe,* 169 F. 3d 281, 289 (5th Cir. 1999); *United States v. Mosavi*, 138 F. 3d 1365, 1366 (11th Cir. 1998). Rule 60(b)(6) is a civil rule and is therefore an inappropriate vehicle to challenge a criminal conviction or sentence. *See United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir.2003) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."). Rule 60(b) is not a substitute for collateral review of

---

[2] *Hale v. Belton Associates Inc*., 305 F. App'x 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Casualty Automobile Insurance Company*, 993 F.2d 46, 48 (4th Cir. 1993)).

[3] A Rule 60(b) (1), (2), or (3) motion would be untimely filed in this case because motions under Rule 60 (b) (1), (2), or (3) must be filed no more than one year after entry of judgment. *See* Fed. R. Civ. P. 60(c) (1). McKinnon provides no grounds to find judgment void under Rule 60(b) (4) or otherwise apply Rule 60(b) (5).

criminal judgments. *See United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003). (distinguishing a successive § 2255 " motion directly attacking the prisoner's conviction or sentence" from a Rule 60(b) motion). In short, there is no basis for relief under Rule 60(b).

   B.  Motion is Properly Construed Under 28 U.S.C. § 2255

In the instant pleading, McKinnon is attacking the validity of his conviction and sentence; therefore, the appropriate avenue to bring his challenge by way of a § 2255 motion.[4] *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (subject matter of a motion, not the caption assigned to it by a self-represented petitioner determines status). It is well-established that courts may recharacterize a motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381 (2003).

In accordance with *Castro,* 540 U.S. at 381-82, McKinnon is notified of this court's intent to construe his pleading as a motion to vacate under 28 U.S.C. § 2255. As a consequence of considering the pleading under § 2255, subsequent § 2255 petitions collaterally attacking the judgment or sentence will be subject to dismissal as a second or successive petition unless preauthorization filing is obtained from the Court of Appeals. *See id.* McKinnon will be granted twenty-eight days to inform the court whether he wants to withdraw or amend the Motion or proceed with it as filed. In the event McKinnon fails to timely state his intentions, the court may treat his filing as a motion under 28 U.S.C § 2255. McKinnon is also instructed to provide his reasons why principles of equitable tolling apply or the motion is otherwise timely. *See Hill v.*

---

[4] 28 U.S.C. § 23255 provides in relevant part:
   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Braxton*, 277 F.3d 701(4th Cir. 2002).[5]  A § 2255 forms and information packet will be sent to McKinnon to assist him in supplementing his pleading should he intend to pursue his claims. McKinnon is instructed to write the above civil case number on all documents he files in this case.

**III.     Conclusion**

For the reasons stated above, the court intends to construe the motion pursuant to 28 U.S.C. § 2255.  McKinnon will be granted twenty-eight days to inform the court whether he wants to withdraw or amend the pleading or proceed with it as filed.  The Clerk will provide send petitioner a § 2255 forms and information packet to assist him in the event he intends to amend his pleading and proceed under 28 U.S.C. § 2255.  A separate Order follows.

<u>March 5, 2012</u>                                                                           <u>/s/                                             </u>
Date                                                                                          Catherine C. Blake
                                                                                              United States District Judge

---

[5]  Petitions filed under 28 U.S.C. §2255 must be filed within one year of the date the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(1).  Section 28 U.S.C. §2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
>  (1) the date on which the judgment of conviction becomes final;
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.