IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE ORLANDO McKINNON | : | |
| | : | |
| v. | : | Criminal No. CCB-08-0049 |
| | : | (Civil No. CCB-14-3218) |
| UNITED STATES | : | |
| | : | |

**MEMORANDUM**

Willie Orlando McKinnon is a federal prisoner. He now attacks his continued detention via a motion brought under 28 U.S.C. § 2255, as he has once before. (ECF No. 80). This court denied as untimely that previous § 2255 motion. As explained below, this court lacks jurisdiction over McKinnon's new motion, which is barred as a second or successive petition. Accordingly, that motion will be dismissed.

**BACKGROUND**

In late January 2009, McKinnon pleaded guilty to interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951. Specifically, he acknowledged participation in a conspiracy to rob a tanker truck. The court accepted that plea and subsequently sentenced McKinnon to a 12-year term of imprisonment. He did not appeal.

Long after the period for appeal had run, McKinnon challenged his sentence under 28 U.S.C. § 2255. (ECF No. 62.) This court denied that motion on the ground that it was barred by the statute of limitations codified at 28 U.S.C. § 2255(f). (ECF No. 70.) In his most recent motion, McKinnon asserts the constitutional inadequacy of his counsel's advice to plead guilty to an offense McKinnon alleges he did not commit. By way of support, he submits the notarized

1

letter of an alibi witness, who states that McKinnon was home when the tanker truck was robbed. (*See* Mot., Ex. A, Giles Aff., ECF No. 80-2.)

## ANALYSIS

"While a federal inmate may file one § 2255 motion to 'vacate, set aside or correct [his] sentence' after his judgment of conviction has become final, he must obtain authorization from 'a panel of the appropriate court of appeals' before presenting '[a] second or successive motion.'" *In re Vassell*, 751 F.3d 267, 268 (4th Cir. 2014) (internal citations omitted) (alterations in original) (quoting 28 U.S.C. § 2255(a), (h)).  If a prisoner has not obtained such authorization, then this court lacks jurisdiction over the motion.  *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (per curiam).

"[I]t is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of [the habeas statute]." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006).  For example, where "the district court dismissed [a prisoner's] first § 2255 motion without prejudice and without adjudicating the merits, the second § 2255 motion was not a 'second or successive' motion within the meaning of the eighth paragraph of § 2255." *United States v. Sosa*, 364 F.3d 507, 509 n.2 (4th Cir. 2004) (citing *Slack v. McDaniel*, 5239 U.S. 473, 485–86 (2000)).  A previous habeas motion denied as untimely, however, constitutes an adjudication on the merits for the purpose of the bar against second or successive petitions.  *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (collecting cases).  Here, McKinnon does not—and cannot—deny that his previous § 2255 motion was denied as untimely.  That previous motion, therefore, bars consideration of this second § 2255 motion.

McKinnon seeks to sidestep dismissal by invoking 28 U.S.C. § 2255(f)(4), which triggers

the running of AEDPA's one-year statute of limitations from "the date on which the facts supporting [a prisoner's] claim or claims presented could have been discovered through the exercise of due diligence." New evidence, he argues, brings his claim under that statutory provision. That seems unlikely: To invoke that provision, McKinnon is "obliged to establish that he acted with due diligence," *United States v. MacDonald*, 641 F.3d 596, 610 n.7 (4th Cir. 2011), but he does not explain why he could not have obtained the purportedly "new" evidence on which he relies at an earlier date. Even if McKinnon's argument *were* meritorious—which this court does not decide—it would not lift the bar against second or successive motions, which imposes a separate, jurisdictional barrier to his claim. Although the Fourth Circuit may certify a second or successive motion on the basis of newly discovered evidence, *see* 28 U.S.C. § 2255(h)(1), this court cannot. Absent such certification, it lacks authority to consider McKinnon's motion.

Last, McKinnon seeks to transfer his motion to a court competent to evaluate it. Authorizing such a transfer is discretionary, permissible only where the court deems "it . . . in the interest of justice." 28 U.S.C. § 1631. As noted, no district court possesses jurisdiction over McKinnon's claim absent certification from the court of appeals. And the Fourth Circuit has declined "to impose on the district courts a blanket policy of mandatory transfer of unauthorized successive petitions to" the court of appeals, leaving the propriety of transfer to the district court's discretion. *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004).

Here, justice does not require transfer to the court of appeals. Dismissal of McKinnon's motion raises no additional procedural impediments to a subsequent petition to the court of appeals that transfer would otherwise avoid. *Compare Shaw v. United States*, 417 F. App'x 311,

312 (4th Cir. 2011) (per curiam) (explaining that the district court should have transferred a prisoner's petition to the correct jurisdiction, rather than dismissing it, where re-filing the petition in the correct jurisdiction "likely would be barred by the applicable one-year limitations period").[1]  McKinnon may simply address his petition directly to the court of appeals.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking to vacate a conviction under § 2255 is not automatically entitled to appeal a district court's denial of the motion.  28 U.S.C. § 2253(c)(1)(B).  An appeal may only be taken from a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability."  *Id*.  A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, a prisoner's claims are denied "on procedural grounds . . . without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because McKinnon's motion is "both clearly successive and clearly unauthorized," he has not made the requisite showing and no certificate of appealability will issue.  *See Jones*, 392 F.3d at 689.

//

//

//

---

[1] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

## CONCLUSION

For the reasons stated above, the motion to vacate will be dismissed without prejudice for lack of jurisdiction. A certificate of appealability will not issue.

A separate order follows.


<u>November 13, 2014</u>                                                  <u>          /S/                              </u>
Date                                                                              Catherine C. Blake
                                                                                      United States District Judge